UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMETRIA WATKINS, | ) |
| Plaintiff, | ) |
| | ) No. 05 C 4051 |
| v. | ) |
| | ) Judge John W. Darrah |
| WOODLAWN COMMUNITY DEVELOPMENT CORPORATION and RALPH JORDAN, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Demetria Watkins, filed suit against Defendants, Woodlawn Community Development Corporation and Ralph Jordan, alleging gender discrimination and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, intentional infliction of emotional distress, negligent retention, and negligent supervision. Presently pending before the Court is Defendants' Motion to Dismiss.

### BACKGROUND

A reading of Watkins' Amended Complaint supports the following summary of the alleged conduct of the parties.

Watkins was employed by a property management company as a property manager for Chicago Housing Authority property. Watkins' duties and responsibilities included monitoring residents' compliance with CHA rules and regulations for living at the CHA property. In 2001, a CHA resident, Harold Wright, threatened Watkins' life. A police report was filed, and Wright was arrested. In response to Wright's threats, the property management company restricted Wright's

resident privileges and maintained documentation of the threat in Wright's residence file. Wright continued to live at the CHA property, and his restrictions were eventually lifted.

In May 2003, Woodlawn became the property manager for the CHA property. Watkins reported to Ralph Jordan, an employee of Woodlawn. In June 2004, Watkins reported to Jordan that a resident threatened her life. Jordan laughed concerning the threat. During this same conversation, Jordan also informed Watkins that he had received a disturbing letter from Wright that contained threats to Watkins' life. When Watkins expressed concern over the letter, Jordan again laughed. Watkins asked Jordan for more information about the threats and requested a copy of the threatening letter. Jordan refused to provide the information, refused to take action against Wright, and refused to offer Watkins any type of protection.

Following Jordan's refusal to help, Watkins contacted Woodlawn's legal department. Woodlawn's legal department told Watkins there was nothing it could do. Watkins then wrote a letter to Woodlawn's President to report the threat and Jordan's refusal to act. Woodlawn's President did not respond. In light of the threats and Defendants' failure to take any corrective actions, Watkins was forced to resign from her position as property manager in July 2004.

## ANALYSIS

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exception found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 761, 764 (7th Cir. 2002) (*Walker*). A filing under Federal Rules of Civil

2

Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). If there are no set of facts that would entitle the plaintiff to relief, dismissal is warranted. *See Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005).

Woodlawn argues that it is not liable under Title VII for the acts of Wright, a non-employee, where Watkins failed to allege that Woodlawn had knowledge that Wright's actions were motivated by his alleged anti-female animus.

An employer is responsible for all tangible employment actions in addition to any other discriminatory condition of employment that the employer fails to take reasonable care to prevent or redress. *See Dunn v. Washington County Hosp.*, 429 F.3d 689, 691 (7th Cir. 2005) (*Dunn*). Because the employer's liability is direct rather than derivative, it does not matter whether the person whose acts are complained of is an employee. The employer's ability to "control" the actor plays no role. *See Dunn*, 429 F.3d at 691. For example, if a patient kept a bird in his room and that bird attacked women but not men and the hospital did nothing, the hospital would be responsible for the decision to expose women to the working conditions created by the bird, even though the bird was not an employee and it could not be controlled by reasoning or sanctions. It would be the hospital's responsibility to protect the female employees by excluding the bird from the premises. *See Dunn*, 429 F.3d at 691 (providing macaw example).

Here, Watkins alleges that she was threatened by at least two CHA residents and that she informed Woodlawn of the threats of which Woodlawn failed to address. Watkins also alleges that Wright's behavior and Jordan's refusal to act was based on Watkins' gender. While Watkins did not explicitly allege that Woodlawn knew that Wright's conduct was due to Watkins' gender, Watkins need not plead factual details or legal theories. *See Dunn*, 429 F.3d at 691; *Walker*, 288 F.3d at 1007. Watkins' Amended Complaint sufficiently pleads a Title VII action against Woodlawn.

Woodlawn also argues that Watkins' Title VII claims also fail as a matter of law because the alleged conduct was not severe or pervasive enough to rise to a hostile work environment or to support a claim of constructive discharge.

A claim of hostile sexual harassment consists of (1) harassment that is sufficiently severe or pervasive to alter the conditions of employment, creating an abusive environment, and (2) a sufficient basis for imputing the conduct that created the hostile environment on her employer. *See Dunn*, 429 F.3d at 691; *Tutman v. WBBM-TV, Inc.*, 209 F.3d 1044, 1048-49 (7th Cir. 2000) (*Tutman*). Whether an environment is hostile or abusive is determined by looking at the totality of the circumstances, including: its severity; whether it is physically threatening or humiliating or merely an offensive utterance; and whether it unreasonably interferes with an employee's work performance. *See Harris v. Forklift, Sys., Inc.*, 510 U.S. 17, 23 (1993). A single instance of sufficiently egregious conduct may be enough to satisfy the first prong of a hostile work environment claim. *See Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128, 136 (2nd Cir. 2001). For a constructive discharge under Title VII, the plaintiff must establish that the working conditions were so intolerable as a result of the unlawful discrimination that a reasonable person would be forced to resign

involuntarily. The working conditions for a constructive discharge must be even more egregious than the standard for creating a hostile work environment. *See Tutman*, 209 F.3d at 1050.

As stated above, Watkins need not plead factual details or the elements of a claim. *See Dunn*, 429 F.3d at 691; *Walker*, 288 F.3d at 1007. Furthermore, based on the allegations made, it cannot be said beyond a doubt that Watkins could prove no set of facts in support of her claims that would entitle her to relief. At this stage of litigation, Watkins has sufficiently pled her Title VII claims.

Defendants next argue that Watkins' state common law claims are preempted by the Illinois Workers' Compensation Act ("IWCA").

The IWCA precludes a covered employee from asserting common law claims against her employer or its agents for injuries sustained on the job. 820 ILCS 305/5(a). However, the exclusive remedy of the IWCA does not apply if the employee establishes that: (1) the injury was not accidental; (2) the injury did not arise from her employment, (2) the injury was not received during the course of employment, or (4) the injury is not compensable under the IWCA. *See Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 463 (1990) (*Meerbrey*). Furthermore, the IWCA does not bar employees from suing co-employee's intentional torts. *See Meerbrey*, 139 Il. 2d at 467.

Intentional injuries inflicted by a co-worker are considered accidental within the meaning of the IWCA because the injuries are unexpected and unforeseeable from the injured employee's and the employer's point of view. *See Meerbrey*, 139 Ill. 2d at 463. However, this is only true as long as the employer did not intentionally inflict the injury upon the employee, did not command or expressly authorize the injury or as long as the co-employee was not acting as the alter ego of the employer. *See Meerbrey*, 139 Ill. 2d at 463; *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 238-39 (1980). For example, if an employer knows of the mistreatment and does not act on the

mistreatment, that mistreatment is not accidental within the meaning of the IWCA because the employer is essentially authorizing the mistreatment. *See Cline v. General Electric Capital Auto Lease, Inc.*, 757 F. Supp. 923, 931 (N.D. Ill. 1991).

In the instant case, Watkins alleges that Woodlawn knew of the mistreatment she was receiving by Jordan and Jordan's lack of action on the threats made to Watkins. Even with this knowledge, Woodlawn did not act. Furthermore, Jordan may have been acting as Woodlawn's alter ego when directing Watkins' duties as her supervisor. At this stage of the litigation, Watkins' allegations are sufficient to survive a motion to dismiss based on the IWCA preemption. *See Otterbacher v. Northwestern Univ.*, 838 F. Supp. 1256, 1262-63 (N.D. Ill. 1993) (denying motion to dismiss because manager may have acted as alter ego); *Bartoli v. Applebee's Restaurant*, 2001 WL 40798 (N.D. Ill. Jan. 17, 2001) (denying motion to dismiss because allegations could be construed to evince that employer authorized conduct); *Alberts v. Wickes Lumber Co.*, 1995 WL 476654 (N.D. Ill. Aug. 9, 1995) (allegations sufficiently allege co-employee was alter ego and that the employer knew of objectionable behavior and failed to take action to correct behavior); *Benitez v. KFC Nat'l Mgmt. Co.*, 305 Ill. App. 3d 1027, 1038 (1999) (plaintiff can show that injury was not accidental where the employer stands idly by rather than attempting to prevent known harassment).

Defendants argue that Watkins failed to sufficiently plead a claim for intentional infliction of emotional distress because Defendants' conduct does not amount to extreme and outrageous conduct required by a claim of intentional infliction of emotional distress. Defendants' argument tests the sufficiency of Watkins' evidence, not whether she has sufficiently stated a claim under the liberally construed federal court pleading requirements. Watkins need not plead all factual details

or legal theories. *See Dunn*, 429 F.3d at 691. Watkins has sufficiently pled her intentional infliction of emotional distress claim.

Lastly, Woodlawn argues that Watkins' claims for negligent supervision and retention should be dismissed because Watkins failed to plead a "particular unfitness" of Jordan or which Woodlawn knew or should have known. In essence, Woodlawn argues that Watkins failed to plead the facts/elements of a claim of negligent supervision or retention required by Illinois law. However, Watkins need not plead facts or the elements of the claim, with the exception of matters listed in Rule 9. *See Walker*, 288 F.3d at 1007, *contra Twardy v. Northwest Airlines*, 2001 WL 199567 (N. D. Ill. Feb. 28, 2001). Instead, a pleading is sufficient if it gives the defendant adequate notice of the claim by indicating the general purpose, the parties involved, and the approximate date of the occurrence. *See Walker*, 288 F.3d at 1007. Watkins' Amended Complaint sufficiently pleads the general purpose, the parties involved, and the approximate date of the occurrence. *See Herrera v. Rector*, 2004 WL 2047562 (N. D. Ill. Sept. 13, 2004) (denying motion to dismiss for failure to plead facts/elements for claims of negligent hiring and training).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied.

Dated: January 25, 2006

JOHN W. DARRAH
United States District Court Judge